1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 11CR1199 WQH |
| Plaintiff, | ORDER |
| vs. | |
| GABRIEL VAQUERA NAVA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion to dismiss indictment due to an invalid deportation (ECF No. 19) filed by the Defendant.[1]

## FACTUAL BACKGROUND

On January 30, 2002, at approximately age twenty, the Defendant became a legal permanent resident, through his mother. Defendant had lived in the U.S. for ten to twelve years prior to obtaining legal status. Defendant has six siblings, three are United States citizens and three are legal permanent residents.

On November 25, 2003, Defendant was stopped at the San Ysidro Port of Entry entering into the United States. Defendant was the driver of a vehicle with one passenger. Defendant was detained in immigration custody on allegations of false claim to United States citizenship

---

[1]Defendant filed an earlier motion to dismiss the indictment (ECF No. 14) on the grounds that his 2004 deportation order was invalid for failing to inform him of his eligibility for pre-conclusion voluntary departure. At the prior hearing Defendant conceded that he was not eligible for pre-conclusion voluntary departure because he was an "arriving alien." Defendant's motion to dismiss the indictment (ECF No. 14) is denied.

1   and alien smuggling.

2       On December 23, 2003, the Immigration and Customs Enforcement issued a Notice to

3   Appear for removal proceedings to the Defendant.  The Notice to Appear stated that:

4           1. You are an arriving alien...
            4. [You] are not a citizen or national of the United States;
5           5. [You] are a native of MEXICO and citizen of MEXICO;
            6. On or about November 25, 2003 [you] made application for admission into
6           the United States from Mexico, via the vehicle primary lanes of the San Ysidro
            Port of Entry, California and presented a California identification card claiming
7           to be a United States citizen.
            7.  On or about November 25, 2003 [you] knowingly encouraged, induced,
8           assisted, abetted, or aided a Mexican national CERVANTEZ Diaz, David, to
            enter or try to enter the United States, in violation of law.
9
    ECF No. 14-3 at 8.
10
11      On April 15, 2004, an immigration hearing was held.  At the hearing, Defendant

12  admitted that he was not a United States citizen and that he was a citizen of Mexico.

13  Defendant denied the remaining allegations in the Notice to Appear.  The Government

14  presented evidence related to the allegations that the Defendant made false claim to United

15  States citizenship and aided an illegal entry, including reports by the arresting officers, the

16  transcript of the video recorded statement made by the Defendant at the time of his arrest, and

17  a sworn statement taken from the alleged smuggled alien.  Defendant testified that he had no

18  prior arrests.  Defendant testified that he was driving the vehicle as a favor for a friend, that

19  his friend asked him to pick up his cousin for a family reunion, and that he asked the individual

20  he picked up if he had documents.  Defendant testified that he was not smuggling the

21  individual across the border and that the individual showed him a green card prior to seeking

22  entry.  Defendant testified that the officer asked him if he was a United States citizen and that

23  he responded "no" to the officer.  Defendant testified that he showed the officer his California

24  identification card and the green card from the passenger.

25      Defendant testified that he and the passenger were arrested and that he was informed

26  that the passenger's green card was false.  Defendant testified that at the time of his arrest, he

27  told the officer that he had a resident card but that he had left it at home.  Defendant was

28  subsequently interviewed by another officer.  Defendant testified at the immigration hearing

    that he told the second officer at the time of his arrest that he was "going to get paid $400 to

bring the guy back." ECF No. 27 at 39. Defendant explained to the Immigration Judge that he was scared and did not know what to say to the officer. Defendant testified before the Immigration Judge that he was not smuggling the passenger across the border and that he did not claim to be a United States citizen at the time of his arrest. The Immigration Judge found the Defendant's testimony at the immigration hearing was not credible based upon inconsistent statement that the Defendant made to law enforcement at the time of his arrest and inconsistent statements made at the immigration hearing. The Immigration Judge found that the Defendant claimed to be a U.S. citizen and that he "knowingly assisted someone without lawful documents to enter the United States knowing that person did not have proper legal documents." *Id*. at 71. The Immigration Judge stated: "I am in the position where I have to enter an order deporting you from the United States to Mexico for alien smuggling." *Id.* at 72. The Immigration Judge entered an order of removal. Defendant did not file an appeal.

On March 20, 2009, a Warrant of Removal/Deportation was entered based upon the prior 2004 removal proceedings. ECF No. 14-3.

On March 29, 2011, the grand jury charged that the Defendant was an alien, who previously had been excluded, deported and removed from the United States, found in the United States in violation of 8 U.S.C. § 1326 (a) and (b). ECF No. 1.

### CONTENTIONS OF THE PARTIES

Defendant moves to dismiss the indictment on the grounds that his 2004 deportation order is invalid. Defendant asserts that the Immigration Judge failed to inform him that he was eligible for withdrawal of his application for admission as provided in 8 U.S.C. § 1225(a)(4), and that it is plausible that withdrawal of his application for admission would have been granted. Defendant asserts that he was a legal permanent resident and had no criminal history; and that his mother and sister were at the immigration hearing to provide means for his immediate departure. Defendant asserts that withdrawal of his application for admission would have avoided a deportation order and saved the government significant resources.

The Government contends that withdrawal of admission was not plausible for the Defendant at the time of his 2004 deportation because the Immigration Judge found that the Defendant knowingly assisted someone who did not have legal documents to enter the United

1  States. The Government asks the Court to assume that the Immigration Judge had a duty to

2  inform the Defendant of relief by withdrawal of his application for admission and the

3  Immigration Judge did not fulfill that duty.[2]  The Government asserts that the Defendant

4  cannot show prejudice because there were no factors relating to his inadmissibility which

5  would support the grant of withdrawal of his application for admission.

6                                              **APPLICABLE LAW**

7          A predicate removal order is a necessary element of a § 1326 prosecution.  Under 8

8  U.S.C. §1326(d), an alien criminal defendant may not challenge the validity of a removal order

9  "unless the alien demonstrates that – (1) the alien exhausted any administrative remedies that

10 may have been available to seek relief against the order; (2)  the deportation proceedings at

11 which the order was issued improperly deprived him of the opportunity for judicial review; and

12 (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).  The entry of a

13 removal order is fundamentally unfair for the purposes of  § 1326(d)(3) only if the removal

14 proceeding violated the alien's due process rights and the alien suffered prejudice as a result.

15 *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

16         8 U.S.C. § 1225(a)(4) provides that "[a]n alien applying for admission may, in the

17 discretion of the Attorney General and at any time, be permitted to withdraw the application

18 for admission and depart immediately from the United States."  Under 8 C.F.R. § 1240.1(d),

19 an Immigration Judge may grant an alien's request for withdrawal only if: (1) the alien is an

20 arriving alien; (2) the alien demonstrates that the alien "possesses both the intent and the means

21 to depart immediately from the United States"; and (3) the alien "establishes that factors

22 directly relating to the issue of inadmissibility indicate that the granting of the withdrawal

23 would be in the interest of justice." § 1240.1(d).  In addition, "once the issue of inadmissibility

24 has been resolved," an Immigration Judge should permit withdrawal only if DHS concurs in

25

26

27

28         [2]In *United States v. Cisneros-Resendiz*, 2011 WL 3890766 (September 6, 2011) the Court of
   Appeals stated in Footnote 7: "We have never held...that withdrawal of an application for admission
   qualifies as an immigration 'benefit' to which 8 C.F.R. § 1240.11(a)(2)'s duty to inform applies."

the alien's request.  *Id.*  Section 1240.1(d)[3] essentially codified the ruling of the Board of

Immigration Appeals in *In Re Gutierrez*, 19 I. & N. Dec. 562 (BIA 1988).  In *Cisneros-*

*Resendiz*, 2011 WL 3890766, the Court of Appeals explained:

> Although *Gutierrez* did not provide a comprehensive list of the 'factors directly relating to the issue of inadmissibility,' *Gutierrez* does make clear that equitable considerations such as the length of the alien's presence in the United States, the alien's employment record, the strength of the alien's family ties to the United States, the alien's U.S. citizen children and the fact that the alien has a spouse who will be eligible for citizenship in the near future, are not such factors. 19 I. & N. Dec. at 565.  Rather the relevant factors are those directly relating to the grounds that Congress has identified for an alien's inadmissibility such as entry into the United States by means of fraud or conviction of specified crimes. *See generally* ... § 1182(a)(6)(C)(i) (stating that aliens who seek admission into the United States 'by fraud or willfully misrepresenting a material fact' are inadmissible).  Thus, following the logic of *Gutierrez,* an IJ deciding whether to permit withdrawal would consider not equitable considerations, but would consider the reasons for the alien's inadmissibility and whether those reasons establish that it would be 'in the interest of justice' to allow the alien to avoid a formal removal order. 62 Fed. Reg. at 10,313 (stating that one of the purposes of allowing withdrawal is to prevent 'aliens who may be *inadvertently or unintentionally* in violation of the immigration laws or regulations' from being 'subject to the harsh consequences of a formal removal order'(emphasis added)).

*Id*. at 4.

## RULING OF THE COURT

In this case, the Notice to Appear charged, in part, that the Defendant was subject to

removal from the United States pursuant to "Section 212(a)(6)(E)(i) of the Immigration and

Nationality Act, as amended, in that you are an alien who at any time knowingly has

encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the

United States in violation of law."  ECF No. 14-3 at 8.  The Immigration Judge conducted a

hearing, received evidence, and heard testimony. Defendant's status as a legal permanent

resident and his lack of criminal history were not factors related to the determination that the

---

[3]Section 1240.1(d) provides in full: "An immigration judge may allow only an arriving alien to withdraw an application for admission. Once the issue of inadmissibility has been resolved, permission to withdraw an application for admission should ordinarily be granted only with the concurrence of the Service. An immigration judge shall not allow an alien to withdraw an application for admission unless the alien, in addition to demonstrating that he or she possesses both the intent and the means to depart immediately from the United States, establishes that factors directly relating to the issue of inadmissibility indicate that the granting of the withdrawal would be in the interest of justice. During the pendency of an appeal from the order of removal, permission to withdraw an application for admission must be obtained from the immigration judge or the Board."  8 C.F.R. § 1240.1(d).

1   Defendant was inadmissible pursuant to Section 212(a)(6)(E)(i).

2          The facts and circumstances surrounding Defendant's application for admission were

3   fully and fairly presented at the immigration hearing.  Defendant was represented by counsel

4   and testified on his behalf.  The Immigration Judge found the Defendant's testimony was not

5   credible in light of statements that the Defendant made to law enforcement at the time of his

6   arrest and the inconsistencies in his testimony at the immigration hearing.   The Immigration

7   Judge found the Defendant  "knowingly assisted someone without lawful documents to enter

8   the United States knowing that person did not have proper legal documents." ECF No. 27 at

9   71. ("You went down there knowing you were going to pick up someone who was illegal....").

10  Defendant did not file an appeal from the order of the Immigration Judge and the Court accepts

11  the determination of the Immigration Judge regarding the Defendant's credibility and the

12  finding of the Immigration Judge that the Defendant was inadmissible on the grounds of "alien

13  smuggling." *Id.*

14         The Court concludes that the Defendant's legal permanent resident status and his lack

15  of a criminal record were not factors directly related to the charge of alien smuggling that

16  Congress has identified as grounds for an alien's inadmissibility. *See Cisneros-Resendiz*, 2011

17  WL 3890766 at 4 ("[T]he relevant factors are those directly relating to the grounds that

18  Congress has identified for an alien's inadmissibility such as entry into the United States by

19  means of fraud or conviction of specified crimes.").   The Immigration Judge found the

20  Defendant's conduct was knowing, and not inadvertent or unintentional.  Defendant has not

21  identified any factors related to his admissibility on November 25, 2003 that would "establish

22  that it would be 'in the interest of justice' to allow the alien to avoid a formal removal order."

23  *Id. quoting* 8 C.F.R. § 1240.1(d).  In light of the facts of this case, the Court concludes that it

24  was not plausible that the Immigration Judge would have granted the Defendant permission

25  to withdraw his application for admission.  Defendant has not shown that his 2004 deportation

26  was fundamentally unfair.  Defendant's motion to dismiss the indictment (ECF No. 19) is

27  denied.

28

///

IT IS HEREBY ORDERED that Defendant's motion to dismiss the indictment (ECF No. 14) is denied and Defendant's motion to dismiss the indictment (ECF No. 19) is denied.

DATED:  October 13, 2011

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

11cr1199 WQH